```
               IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


SETH H. HARRIS, SR.,

                       Plaintiff,

          v.                                CASE NO. 06-3202-SAC

DUKE TERRELL, et al.,

                       Defendants.
```

**O R D E R**

This matter is before the court on a Bivens[1] complaint filed pro se by a prisoner confined in the United States Penitentiary in Leavenworth, Kansas (USPLVN).

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff seeks damages for being subjected to safety and sanitation hazards at USPLVN.  Although

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

plaintiff states he fully exhausted administrative remedies on these claims, he documents only a <u>completed</u> administrative appeal through the regional level.  Plaintiff documents his submission of an appeal to the BOP central office on June 30, 2006, but provides no copy of the response received in that appeal.  This is insufficient to demonstrate full exhaustion of administrative remedies.  *See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).  The court thus grants plaintiff an opportunity to demonstrate full exhaustion of  administrative remedies.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to avoid dismissal of this action pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 1st day of August 2006 at Topeka, Kansas.


 s/ Sam C. Crow
SAM A. CROW
U.S. Senior District Judge