IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SETH H. HARRIS, SR.,**

                **Plaintiff,**

     v.                                    **CASE NO. 06-3202-SAC**

**DUKE TERRELL, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff, a prisoner confined in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se on a <u>Bivens</u>[1] complaint. By an order dated August 17, 2006, the court dismissed the complaint without prejudice, based upon plaintiff's failure to exhaust administrative remedies on any claim. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The court also denied plaintiff's motion for leave to proceed in forma pauperis as moot. Plaintiff filed no appeal.

In a motion to reinstate his case (Doc. 7), plaintiff now states he has fully exhausted all administrative appeals. Plaintiff's motion, filed on September 27, 2006, is treated as a motion for relief from judgment, Fed.R.Civ.P. 60(b)(6). *See* <u>Van</u>

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Skiver v. U.S., 952 F.2d 1241 (10th Cir. 1991).

A district court may grant relief from an otherwise final judgment for any of the four enumerated reasons in Fed.R.Civ.P. 60(b)(1)-(4) which are not relevant here, or if "it is no longer equitable that the judgment should have prospective application," Fed.R.Civ.P. 60(b)(5), or there is "any other reason justifying relief from the operation of judgment," Fed.R.Civ.P. 60(b)(6). The decision whether to grant a motion for reconsideration rests within the Court's discretion. See Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988).

The Tenth Circuit law cited by the court in dismissing the instant complaint was later abrogated by the Supreme Court. See Jones v. Bock, __ U.S. __, 127 S.Ct. 910 (January 22, 2007). However, Jones does not retroactively apply to the final decision in this matter,[2] and "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997). Nor would Jones provide a basis for relief under Fed.R.Civ.P. 60(b)(5) or (6) where the face of the record plainly disclosed plaintiff's failure to fully exhaust administrative remedies on any claim prior to filing the instant complaint. See Jones, 127 S.Ct. at 918-19 ("[t]here is no question that exhaustion is mandatory under [42 U.S.C. § 1997e(a)] and that

---

[2]See Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97(1993)("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases *still open on direct review* and as to all events, regardless of whether such events predate or postdate our announcement of the rule.")(emphasis added).

unexhausted claims cannot be brought in court"), *accord*, <u>id</u>. at 923("[a]ll agree that no unexhausted claim may be considered").

In dismissing the instant complaint without prejudice, the court noted plaintiff's obvious and acknowledged incomplete exhaustion of administrative remedies, and directed plaintiff to refile his complaint when compliance with § 1997e(a) could be demonstrated. Accordingly, to the extent plaintiff attempts to proceed further in the instant action, rather than pursuing a new complaint on fully exhausted claims, the court finds no extraordinary circumstances warrant relief from the judgment entered in this matter.

Plaintiff remains free to initiate a new action by filing a new complaint, and it appears plaintiff attempted to do so in this matter. In October 2006, plaintiff submitted a copy of the complaint filed in the instant matter with attached documentation of the denial of plaintiff's national appeal to the Bureau of Prisons. In December 2006, plaintiff submitted a form motion for seeking leave to proceed in forma pauperis on that new complaint, and provided current financial records.[3] The court liberally construes these submissions as plaintiff's attempt to refile the allegations initially presented in the instant action, and directs the clerk's office to open a new case with these pleadings.

IT IS THEREFORE ORDERED that plaintiff's motion for relief from

---

[3]In his December 2006 cover letter regarding the submission of his in forma pauperis motion and financial records, plaintiff cites three cases that were dismissed without prejudice (Cases 06-3192, 06-3202, and 06-3203). In the October 2006 cover letter accompanying his resubmitted complaints, however, plaintiff cites only cases 06-3202 and 06-3203. No new information or documentation is presented regarding any further exhaustion of administrative remedies on the allegations asserted in case 06-3192.

judgment (Doc. 7) is denied.

The clerk's office is directed to open a new action based on the complaint and motion for leave to proceed in forma pauperis already submitted by plaintiff.

**IT IS SO ORDERED.**

DATED:  This 21st day of February 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge